13-548-pr
Phillips v. Wright

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　CHRISTOPHER F. DRONEY,

　　　　　　　　　　　<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

JASON PHILLIPS,

　　　　<u>Plaintiff-Appellant</u>,

　　　　-v.-　　　　　　　　　　　　No. 13-548-pr

LESTER WRIGHT, DOCTOR, DEPUTY COMMISSIONER AND CHIEF MEDICAL OFFICER, TIMOTHY WHALEN, CARL KOENIGSMANN, DOCTOR,

　　　　<u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**   NICHOLAS MINDICINO, Stoll, Glickman and Bellina LLP, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**   MARTIN A. HOTVET, Assistant Solicitor General (Barbara D. Underwood, Solicitor General & Andrea Oser, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jason Phillips appeals a judgment dismissing his claim against prison medical administrators for deliberate indifference to serious medical need. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The district court concluded that summary judgment was appropriate because (1) "no rational fact finder could conclude that Defendants acted with a sufficiently culpable mental state to be liable under the Eighth Amendment"; and (2) "in any event, based on the current record, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity." App. 26. We affirm on the basis of qualified immunity.

2

We review de novo a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor. See Wrobel v. Cnty. of Erie, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).

"Public officials enjoy qualified immunity from suit for damages under 42 U.S.C. § 1983 for acts undertaken in their official capacity, unless their conduct violates clearly established constitutional rights of which an objectively reasonable official would have known." Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [official] to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (internal quotation marks omitted).

Phillips relies on Brock v. Wright, 315 F.3d 158 (2d Cir. 2003) and Johnson v. Wright, 412 F.3d 398 (2d Cir. 2005), but neither case "clearly established" a constitutional right implicated here. Brock and Johnson involved genuine disputes over whether administrators rigidly applied prison policy to deny recommended treatment for [i] a potentially debilitating disease (hepatitis C in Johnson), and [ii] a condition known to cause chronic pain (a keloid in Brock). See Johnson, 412 F.3d at 406 ("[W]e believe a jury could find that the defendants acted with deliberate indifference by *reflexively relying* on the medical soundness of the Guideline's substance abuse policy when they had been put on notice that the medically appropriate decision could be, instead, to depart from the Guidelines . . . ." (emphasis added)); Brock, 315 F.3d at 166 (noting that facility physician and administrator "cited the policy as *the reason* for their actions" and concluding that "a jury could well find that the policy was intended to bar the treatment . . . for purposes of alleviating moderate, but persistently chronic, pain" (emphasis added)).

Here, the medical administrators evaluating, and ultimately deferring or denying, Phillips' surgical referrals had only the following facts: (1) the existence of

4

a "lipoma," which they knew to be a generally benign and painless cyst, (2) the location of the cyst on Phillips' back, (3) varying descriptions of its size, and (4) Phillips' subjective claims of pain.  The correctional policy listed a lipoma as a condition for which treatment is "prima faci[e] medically unnecessary," but that phrasing is the opposite of final or conclusory.  Moreover, the administrators here testified that the policy's exception for "collateral symptoms" would have accommodated abnormal pain or atypical growth.  Compare App. 233 (Dr. Koenigsmann deposition) (citing as acceptable reasons for surgery: (1) "a mechanical reason for the person to be having discomfort from the lesion," and (2) an "interim change in the lesion in some way, consistency, size, growth, that I felt was suspicious or not in keeping with a lipoma") with Brock, 315 F.3d at 167 ("A jury could also conclude, based on the admissions of the defendants and other evidence, that [the facility physician] refused to appeal [the administrator's] denial of . . . treatment because he reasonably believed that chronic pain of the type Brock alleged he was suffering was not a collateral symptom within the meaning of the [Department of Correctional Services] policy.").

Brock and Johnson would not have put defendants on clear notice that denying Phillips surgery, on the basis of

5

the referrals in front of them, constituted deliberate indifference to medical need under the Eighth Amendment.

We have considered all of Phillips' remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK